UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

KENNETH E. RAMSEY )
) Case No. 1:17-cv-65
v. )
) Jordan/Steger
CITY OF CHATTANOOGA, POLICE )
OFFICER JOE FLETCHER # 727, POLICE )
OFFICER JOE DOE, POLICE CHIEF )
FRED FLETCHER, and CODES OFFICER )
ZACARY WILEY )

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss for Failure to Comply with Discovery Order [Doc. 28]. Plaintiff Kenneth Ramsey did not file a response to the motion; however, he was present for a hearing on Defendants' motion on October 25, 2018. For reasons that follow, it is **RECOMMENDED** that Defendants' motion be **GRANTED,** and this action be **DISMISSED with prejudice.**

### II. FACTS

On January 30, 2017, Plaintiff, *pro se*, filed this lawsuit under 42 U.S.C. § 1983 for false arrest, false imprisonment, and malicious prosecution, in the Hamilton County, Tennessee Circuit Court [Doc. 1-1, Amended Complaint, ¶ 1]. Defendants subsequently removed the case to this Court.

This action arises from an incident in which City of Chattanooga police officers arrested Plaintiff on January 29, 2016, for trespass in a building located on Glass Street in Chattanooga, Tennessee ("Glass Street building") [*Id.* ¶¶ 8-9]. Plaintiff contends that he owned the Glass Street building on January 29, 2016, and that he should not have been arrested for trespass [*Id.*].

Defendants assert that the City of Chattanooga and Hamilton County jointly owned the Glass Street building at the time of Plaintiff's arrest [Doc. 6, Answer ¶ 8].

Plaintiff has a history of failing to timely cooperate in the discovery stage of this action:

- The parties filed a Report of Parties' Planning Meeting and Discovery Plan on June 28, 2017. In that report, the parties agreed to exchange Initial Disclosures by July 10, 2017. Plaintiff did not provide the required disclosures, and Defendants filed a motion to compel [Doc. 12].

- The Court held a hearing on December 19, 2017, on the motion to compel [Doc. 12]. Plaintiff attended the hearing. During the hearing, the Court advised Plaintiff that he must meet his responsibilities to provide his initial disclosures. The Court further explained to Plaintiff that he could expect written discovery requests from Defendants during the discovery phase of the litigation and that, even though Plaintiff was representing himself, he would be required to respond to these discovery requests during the time prescribed by Rules 33 and 34 of the Federal Rules of Civil Procedure. The Court explicitly warned Plaintiff that, if he failed to meet the deadlines in responding to future discovery requests, the Court could award attorney fees to Defendants' counsel for bringing a motion to compel and the Court could dismiss his case.

- The Court granted Defendants' motion to compel initial disclosures, but denied Defendants' request for attorney fees [Doc. 17].

- On June 11, 2018, Defendants served Plaintiff with their First Request for Production of Documents. Plaintiff did not respond, and Defendants filed a Motion to Compel [Doc. 24] on July 16, 2018.

- The Court granted the Motion to Compel on August 3, 2018, giving Plaintiff until August 24, 2018 to provide responses [Doc. 26]. The Court advised Plaintiff that, "[s]hould Plaintiff fail to do so, the Court may implement appropriate sanctions as set forth in Fed. R. Civ. P. 37."

- Defendants filed their Motion to Dismiss for Failure to Comply with Discovery Order [Doc. 28] on August 30, 2018. Plaintiff filed no response to the motion to dismiss. The District Court referred this motion to the undersigned on September 24, 2018. [Doc. 30].

- The Court held a hearing on the motion to dismiss on October 25, 2018. Plaintiff attended the hearing. Plaintiff did not dispute that he had not responded to the discovery requests or that the Court had ordered him to respond.

- At the October 25, 2018 hearing on the motion to dismiss, Plaintiff indicated that most of the documents sought by Defendants are located in the Glass Street building where

he had previously operated a business. Plaintiff further indicated he could not retrieve the documents from the Glass Street building because the City of Chattanooga will not allow him on the premises. He also stated he did not have a vehicle to transport his property from the Glass Street building. Finally, he stated he did not know where the relevant documents were located within the Glass Street building.

- At the October 25, 2018 hearing, counsel for Defendants, Keith Reisman, presented copies of three emails, each dated July 13, 2018. In the first email, Mr. Reisman informed Plaintiff that, if he did not respond to Defendants' First Request for Production of Documents by July 16, 2018, he would file a motion to compel [Ex. A]. Plaintiff responded, "will do" and asked for approval to access his personal property at the Glass Street building [Ex. A].[1] Mr. Reisman responded that, if Plaintiff would provide him some dates and times when he would be available, Mr. Reisman would arrange for him to enter the Glass Street building to retrieve his personal belongings [Ex. A]. Plaintiff responded that he would get back to Mr. Reisman "as soon as possible" [Ex. B]. Plaintiff failed to follow-up with Mr. Reisman with dates to enter the Glass Street building.

- Plaintiff did not contest the authenticity of the emails presented by Mr. Reisman at the October 25, 2018 hearing, nor did he dispute Mr. Reisman's contention that he did not provide Mr. Reisman with dates that he could enter the Glass Street building. Plaintiff still has not responded to Defendants' First Request for Production of Documents despite this Court's August 3, 2018 order to do so.

## III. DISCUSSION

Defendants move for dismissal with prejudice of this action pursuant to Fed. R. Civ. P. 37(b)(2) for failure to comply with this Court's order to respond to Defendants' First Request for Production of Documents by August 24, 2018. Federal Rule of Civil Procedure 37(b)(2)(v) provides for dismissal of an action in whole or in part as one of the sanctions a court may impose against a party who fails to comply with a court's discovery order. *See* Fed. R. Civ. P. 37(b)(2).

A court considers four factors when addressing a motion to dismiss for failure to comply with a discovery order: (1) whether the party acted willfully, with bad faith or was at fault; (2) whether this failure to comply prejudiced the other side; (3) whether the court previously had warned the party that failure to comply could result in dismissal of the case; and (4) whether the court has imposed or considered less drastic sanctions before the court ordered dismissal of the

---

[1] Exhibit A and Exhibit B have been retained by the Clerk of Court. *See* Doc. 38.

case. *Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013); *United States v. Reyes*, 307 F.3d 451, 458 6th Cir. 2002). Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id.*

Based on the Defendants' motion and the parties' argument at the October 25, 2018 hearing, the Court makes the following findings:

- Plaintiff Kenneth Ramsey is at fault and acted willfully. According to Plaintiff, his relevant documents are located in the Glass Street building, but Plaintiff has made no effort to work with Mr. Reisman to gain access the building and to obtain the records. When pressed on this issue at the hearing, Plaintiff offered several unconvincing excuses as to why he has not tried to recover his documents in the Glass Street building.

- Defendants have been prejudiced because they cannot properly prepare for trial. While the District Court moved the trial date from November 13, 2018, to May 29, 2019, Plaintiff has evidenced no willingness to cooperate in the discovery phase of this case. During the seven weeks that elapsed between Defendants' filing their motion to dismiss for failure to comply with the Court's discovery order and the October 25, 2018, hearing on the motion to dismiss, Plaintiff made no effort to obtain and provide the discovery requested by Defendants.

- The Court explained to Plaintiff during the December 19, 2017, hearing on Defendants' first motion to compel that Plaintiff must timely respond to future discovery requests and that his case could be dismissed if he failed to cooperate in discovery. Further, this Court's August 3, 2018, Order granting Defendants' second motion to compel admonished Plaintiff that the Court "may implement appropriate sanctions as set forth in Fed. R. Civ. P. 37" if he failed to comply with the Court's order.

- The Court's prior orders directing Plaintiff to provide the requested discovery and the Court's warning of greater sanctions if he failed to cooperate with future discovery requests, including dismissal, constitute lesser measures which proved unsuccessful in insuring Plaintiff's cooperation in the litigation of this case.

### IV. CONCLUSION

The Court concludes, based on the four factors discussed in this report and recommendation, that dismissal of this action with prejudice is the appropriate sanction for Plaintiff's failure to comply with this Court's August 3, 2018, discovery order. Consequently, it is

4

**RECOMMENDED** this action be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 37(b)(2)(V).[2]

**ENTER.**

_____
CHRISTOPHER H. STEGER
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).